The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on the following question: At what time does a person officially become a candidate for office?
You note that this question is asked in relation to laws which forbid candidates from holding specified positions, such as A.C.A.14-49-202 and 14-51-202.* ___________. * These Arkansas Code provisions apply to civil service commissioners, and state in pertinent part as follows with regard to commissioners for cities of 75,000 or over, and commissioners for police and fire departments, respectively:
 No person on the commission shall hold or be a candidate for any office or public trust under any national, state, county, or municipal government, or school district. . . . A.C.A. 14-49-202(a). No person on the commission shall hold, or be a candidate for, any political office under any national, state, county, or municipal government. . . . A.C.A. 14-51-202(b)(1). ___________.
Your inquiry request initial consideration of the federal Hatch Act (5 U.S.C. § 1501 et seq.), which prohibits certain public officers or employees who work with federally financed programs from running for an elective office in partisan elections. Section 1502(a)(3) states that: "A state or local officer or employee may not . . . be a candidate for elective office." The Act defines a covered state or local officer or employee as "an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency." 5 U.S.C. § 1501 (4). The act does allow these local officials to participate in nonpartisan elections, that is, an election in which no candidate represents a party whose nominee received any electoral votes in the last presidential election.5 U.S.C. § 1503.
The Hatch Act does not specify when an individual becomes a "candidate for elective office" for purposes of the Act's prohibition. Cases construing relevant portions of the Hatch Act suggest, however, that a violation may occur prior to the actual filing for an office. See, e.g., Smythe v. United States Civil Service Commission, 291 F. Supp. 568 (E.D.Wisc. 1968); Simmons v. Stanton, 502 F. Supp. 932 (W.D.Mich. 1980). In Simmons, the facts indicated that the individual ". . . either had formed an intention to become a candidate for local public office, or at most was seriously considering the possibility." 502 F. Supp. at 938. The Court concluded under these facts that he was NOT a "candidate for elective office" under Section 1502(a)(3), where there was "no public announcement of his candidacy," the general election was to be held more than a year later, and "(h)e had not circulated or filed nominating petitions." Id. The Court stated: "The objective indications of a candidacy by the plaintiff for public office were simply not present (at the time of his discharge for alleged violation of the Hatch Act)." Id.
This case suggests that "objective indications" short of filing for an office, such as a public announcement or the circulation of petitions, may form the basis for a violation of the Hatch Act's prohibition against being a "candidate for elective office." It appears that the question is, however, ultimately one of fact.
With regard to individuals not covered by the Hatch Act, our review of Arkansas law yields no guidance as to when a person becomes a candidate for office for purposes of prohibitions such as those contained in A.C.A. 14-49-202 and 14-51-202. The absence of express statements in this regard suggests the necessity of further legislative action. In the absence of such guidance, however, a court may look to cases construing the federal Hatch Act. While we cannot make any conclusive determinations, in the absence of judicial precedent, the similarity between the federal and state prohibitions suggests that one may be a "candidate" prior to filing as a candidate within the prescribed deadline. If there are no "objective indications" prior to that time (Simmons, supra), the applicable deadline for qualifying as a candidate would, it seems, be determinative.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.